Robert Fishman on behalf of Matt Cline. I want to begin by addressing the issue concerning the admission and use of Atwood's guilty plea at trial. It is an issue that I think is fairly straightforward and here's the reason why I say that. Whether you think about the admission of a co-participant's guilty plea under Peterman or if you think about it in light of some of the concerns that Judge Hartz you raised in your concurrence in Clifton, one thing is absolutely clear under the law and it's something that the parties agree on and that is a co-participant's guilty plea cannot be used as substantive evidence against the defendant. So the real question in this case is twofold. Number one, was Atwood's guilty plea used as substantive evidence against Mr. Cline? And two, if it was, is that error harmless? Now the government... I'm not sure that's the right way to look at it. Sometimes evidence is admissible for one reason and that's usually enough to get it in unless an additional use might be very prejudicial. So if there's a proper use for it, there's a presumption that we'll admit it. We don't get to the harmless error issue. Am I missing something there? Well I think you are because again it's clear that while you can admit a co-participant's guilty plea for impeachment or even to bolster your own witness's credibility, it cannot be used as substantive evidence of guilt. So in the typical case, it's used for impeachment properly and that's all. But the evidence of the plea is before the jury and the court gives a limiting instruction explaining that you cannot use it for this other purpose. In this case, you have the plea, I'll concede, admitted for the proper purpose of impeachment, really bolstering. But the record shows that it was actually used for the very improper purpose that is prohibited. It was not an implication that the jury was free to draw and that the court was trying to guard against. It is the way the government used the evidence. And when you say used it, you're talking about the closing argument. Yes. Well isn't your argument, shouldn't your be improper closing argument as opposed to improper admission of the evidence? Well the argument is not improper admission. It is improper use. And the reason that I would disagree with your honor's observation is that it is the court's ruling, it is the government's motion, proffer. We want to get this evidence because it is highly probative of the allegations against Mr. Klein and it is the district court's endorsement of that approach. The district court saying, okay I think this might violate the black letter rule of Peterman, but I'm going to allow it if you're willing to take the risk. So the problem comes with the use of the evidence in light of the district court's ruling. And of course the discussion with Mr. Atwood about the fact of his guilty plea is used to greatest effect and most prejudicially during closing argument. But the closing argument was not objectionable in light of the court's order and in light of what the court said a number of times during the trial, which was, which is, this evidence is not being offered solely for impeachment. It's volume three, page 507. This is after Atwood had testified. The defense council gets up and says, judge you know I'm just gonna, I know we've been over this, but I have to make a that this, they're using this evidence as substantive evidence of guilt. And the judge says, I will say I agree with the characterization that the use of Mr. Atwood's plea was not for impeachment purposes. At least it was not solely for impeachment purposes, which I tried to explain, I understood was likely to be the case. I do think I agree it was not simply impeachment purposes, so I will put that on the record. Page 509. Did counsel ask for a limiting instruction? A limiting instruction was given, but there are problems with that. As the court knows, I mean the the problem with the limiting instruction is that it referred to a testifying co-participant in the singular, and it identified that participant by reference to a guilty plea that called for a more lenient sentence because of the co-participant's cooperation, plea. And the problem with that is two guilty pleas were introduced into evidence, Mr. Atwood's and Mr. Newman's. Nothing was said about the terms of Atwood's guilty plea at all. Certainly nothing about the fact that he received a more lenient sentence. The opposite is true of Mr. Newman. Well, everybody agreed he was guilty. That was consistent with the defense, was it not? Correct. Yeah. That goes to a separate harmless argument that, hey, the plea already came in, so what's the harm in Atwood's plea coming in? Right. And our point is, yes, our defense was Newman's guilty. We are not. So that argument fails. The problem with the limiting instruction is because the jury only heard about a plea agreement that called for leniency as to Mr. Newman, if it followed instruction 10, there's no reason it would have understood the limiting instruction to apply to Atwood. I do want to just circle back and again call the court's attention to volume 3509, where the court says this is, again, following Atwood's testimony. And you have to bear in mind that at this point in the trial, I don't know about everyone, I don't know if the government understood at this point, the court certainly and the defense is assuming more participants are going to testify and more guilty pleas are going to be introduced. That's what the parties expected, what the court expected. Page 509, line 2, I've already ruled on the admissibility of these and my understanding that they, that they are not purely being introduced for impeachment purposes and that that is the risk that the government is taking by doing that. So again, it's clear the court thinks wrongly that because this evidence can be admitted under Peterman, it can be used for any purpose, including as substantive evidence of guilt. The court thinks and understands that the government is going to do that and it's exactly what the government did. So again, I think that the question of error is pretty straightforward, really, because it's clear how the government used this. And what did the defense counsel say in response? How did the defense counsel preserve the argument that it was being offered for an improper purpose that was also being used for an improper purpose? They argued prior to trial and repeatedly during trial. They're using this evidence as substantive evidence of my client's guilt and they're not allowed to do that. And the court says, I understand, I know what's going on. I agree with you. That is what they're doing and I'm okay with it. They're running a risk that your honors are going to say that should not have happened. But the court seemed to think that the court was okay with the government running that risk. We, of course, are not. And this court, I think, should not be either. It's just contrary to the law. Quickly on to the honeycut issue and forfeiture. Just a couple points that I want to make in response to the government. Counsel, excuse me. Why isn't this harmless error? Well, again, it's not a harmless error because... Why is it not? Why is it not? Yes. Well, because the law, there's countless cases that recognize the danger and the prejudice. Well, I understand that, but there's tons of other evidence. Well, there's... So why isn't it harmless? I mean, because I think there certainly is evidence against Mr. Klein.  But there's a lot of evidence that weighs in favor of Mr. Klein as well. I must have missed that. Yeah. Well, most notably, it is Mr. Newman's testimony, page after page of testimony, where he insists that he defrauded the government and he duped all the people that he enlisted in his fraudulent scheme. He is adamant that Mr. Klein did not know what he was doing, that Mr. Klein, that he told Mr. Klein, run these invoices through your companies. I'm getting the products elsewhere. Everything's above board. And certainly you can fault Mr. Klein for that. And certainly a jury could convict. I mean, it's not a sufficiency of the evidence argument. You have a contested case, a defense that is mounted and viable. Mr. Klein cooperated completely with the investigating authorities. It's not a case of just overwhelming guilt, where no matter how prejudicial a co-participant's guilty plea is, you can say, well, it would have had no impact whatsoever. This guy is going to be convicted no matter what. I don't think you can say that on this record. A couple quick points on forfeiture. The government says that our honeycut argument is an attack on the forfeiture order, not true. The forfeiture order does not turn on joint and several liability. That is what honeycut is all about. Our honeycut argument has nothing to do with the forfeiture order. Similarly, we are not seeking to expand or modify our rights under the judgment as it exists. We don't even contest the government's argument that the forfeiture judgment is wrong. Our position is the court's judgment may be wrong, but what it got right in this process was the conclusion that the government was not entitled to $179,000 in forfeiture. Our position is that is the correct ruling. The government conceded that in their briefing. So they agree with you that the $179,000 is wrong, don't you think? No. You don't think that? I do not think that. That's what they're asking for on appeal. And so our position is the district court rightly said, you're not entitled to $179,000 for reasons that are incorrect. We're arguing on appeal. The result is correct. And this court should affirm that conclusion. The government is not entitled to $179,000 because that requires the imposition of joint and several liability. There's no question of waiver or plain error. Again, the district court's forfeiture judgment does not implicate the concept of joint and several liability. So there's no reason that we should have raised the issue in our appeal and presented it. That's the government's claim. So do you think, I mean, the position's not well briefed on either side, ultimately on the honeycut issue. So what do you think about the remedy of just remanding it back, letting the district court take the first bite at the apple on having full briefing on that issue and then determining who's right and who's wrong? I mean, I think that would be perfectly appropriate as a matter of appellate procedure. And I would not object to it. I do think the honeycut issue is a strictly legal one that this court could certainly resolve in the first instance. But yes, we would not object to that. And with that, I'm going to reserve the remainder of my time, if I may. Thank you. Morning, Your Honors, and may it please the court. Rajiv Mohan for the United States. I'd like to start with the issue of Mr. Atwood's guilty plea. And I think there's been a shift in Mr. Klein's argument from the briefing to his argument here today, specifically a shift from challenging the admission of the testimony about the guilty plea to its use in closing arguments. And I would first observe two things about that. The first is that Mr. Klein did not contemporaneously object below during closings. And to my recollection, he did not mention the use of the pleas in closings in his opening brief. He only mentioned them in response to the government's harmlessness arguments. And so I think his concession today that the plea testimony itself was properly admitted is where this court can start and end in addressing his arguments on appeal. Now, I would like to address the content of closings as well, because I think it's important to distinguish... Well, I thought his argument was that the judge specifically said it could be admitted for what we have said is an improper purpose. It was the judge was admitting it for more than just credibility issues. And that's the error here. We are, I would respectfully disagree that that is what the district judge did here. And I think when this issue came up at trial, when Mr. Klein belatedly objected after Mr. Atwood had left the stand, the only purpose the government cited at that point was credibility. I think the district court took a unduly narrow view of credibility. I think the court thought maybe the witness had to be hostile or backtrack on his statements. And I think you can see that at pages 506 to 507 of volume three, where the court says, well, it's sort of the opposite of impeachment. It was more bolstering. And I don't think the court ever endorsed using it as substantive evidence of Mr. Klein's guilt in the sense of establishing a fact, an issue, establishing an element or anything like that. I mean, I don't think that's how the plea was used in closings. And I think it's important to distinguish between Mr. Atwood's factual testimony and his testimony about the plea. And I think what Mr. Klein objects to in the government's closing were the facts that Mr. Atwood testified to. And I think the government was entitled to use those facts as substantive evidence of Mr. Klein's guilt. Now, I would like to address this question of limiting instruction, because I disagree with the notion that it was somehow confined to Mr. Newman. And I would first start with the text of the instruction itself. And the relevant language refers to the fact that a co-participant has entered a guilty plea to the offense charge is not evidence of the guilt of any other person. The instruction goes on to say the fact that the co-participant pled guilty should only be used to assess the co-participant's credibility as a witness. And I think that language is general enough to encompass Mr. Atwood and Mr. Newman. And to demonstrate that point, I would direct the court to pages 921 to 923 of volume three of the record, which is the charging conference. And there was a separate instruction dealing with prior statements that initially did refer to Mr. Newman by name. And Mr. Klein successfully argued for a more general instruction that referred to witnesses generally. I think that is confirmation that the guilty plea limiting instruction, which was similarly generally worded, was similarly general in its reach to apply to both Mr. Newman and Mr. Atwood. And insofar as Mr. Klein thinks there is now any problem with that instruction, I would suggest that he has only himself to blame. He did not stipulate to the government's proposed limiting instruction below, nor did he offer one of his own. He did not object to the district court's instruction, and he did not take the district court up on its offer to give a contemporaneous limiting instruction. Unless the court has further questions about the guilty plea, I would like to say a few words about forfeiture. And again, I think Mr. Klein's concession here today that the forfeiture amount was wrong is sufficient for this court to reverse the district court's forfeiture order. And with respect to your question, Judge Carson, we do believe that the full $179,000 is subject to forfeiture. What we conceded in our briefing, our final brief, is that Section 981 AC is subject to honeycut, and that's consistent with the government's position in other cases. We do not think the consequence of that concession is to reduce the forfeiture amount in the way that Mr. Klein says. With respect to honeycut, I do think because the consequence of Mr. Klein's argument is to change the forfeiture amount, it is an attack on the forfeiture order itself. And while I think it would certainly be within this court's discretion to remand and let the district court sort it out, I think this court could also find that Mr. Klein did not preserve the argument and simply direct the court to enter judgment in the full amount of the $179,000. And with respect to preservation, I think that when a argument turns so heavily on the interpretation and application of a particular case, in this case, honeycut, the failure to cite that case below should be fatal to any claim of preservation. And I think this court is confronted to a similar situation it faced in Channon, where the defendant challenged the forfeiture calculation below, but did not address joint and several liability. And this court reviewed for plain error based on a lack of preservation. I don't think we're that strict that you have to cite a particular case if they made the argument, if they presented the theory behind their argument. Did they, in your view, not even raise the argument? I don't think so, Your Honor. Certainly Mr. Klein argued for a forfeiture amount that was $5,000 or so, but he did so based on the definition of proceeds. It was not based on this notion that joint and several liabilities somehow precluded counting the amounts that were then transferred to Mr. Newman. I think those are two fundamentally different arguments and consistent with this court's language in Loeffler about how an issue is not preserved when a litigant shifts theories on appeal. I think that applies to what happened here. That's a valid position, but I don't think we relied just because you didn't cite a favorable case to this argument. And that may be true in the abstract, but I think in the context of this argument, which turns on that case, it seems to me that the district court and the parties were not given a fair opportunity to address the import of that particular case that weighs so heavily to the joint and several forfeiture argument. And if there are no further questions, we would ask the court to reverse on forfeiture and otherwise affirm. Thank you, counsel. You've saved a snippet of time. Yes. The government's argument on the limiting instruction being general enough to encompass Newman. The problem, of course, is the argument ignores our explanation as to why that's not true. Namely, that it talks about the leniency of a sentence in a plea agreement. That's how the instruction begins. That's why it cannot apply to Atwood. On Judge Hart's, your question, Volume 1, 1127, the argument is Klein did not acquire the amount lost. If I could just continue the thought. The amount to be forfeited should be only what Mr. Klein put into his own pocket. That is the essence of our honeycut argument and the Ninth Circuit's decision in Thompson that you are subject to forfeiture for proceeds that rest with you. We didn't use that term. It's called poverty. Thank you. Thank you, counsel. Case is submitted. Counselor excused.